United States District Court
Southern District of Texas
ENTERED

FEB 18 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALEZ, ET. AL. | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-98-75 |
| CHRYSLER CORP., ET AL., | § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on February 18, 2000, the Court considered all pending motions in this case. Defendants CHRYSLER CORP., TRW, INC., TRW VEHICLE SAFETY SYSTEMS, INC., and MORTON INTERNATIONAL, INC.[1] move the Court to dismiss for lack of jurisdiction, to dismiss based on *forum non conveniens*, and to apply the law of Mexico.

**Facts**

Sometime in 1995, Mr. Machuca, Plaintiff, was in Houston, Texas. During his trip he saw advertisements for the 1995 Chrysler LHS. Liking what he saw, Mr. Machuca went to a couple of Chrysler dealerships in Houston, spoke with sales representatives in Spanish, and decided that, although he could not personally export a vehicle, he would attempt to buy one in Mexico. He did. Mr. Machuca, a longtime Chrysler customer, went to his dealer in Mexico where he learned that Chrysler did not

---

[1] Defendant MORTON INTERNATIONAL, INC. moved to join CHRYSLER CORP.'s motions to dismiss. The Court GRANTED that motion at the March 26, 1999, hearing. Also, TRW's motion to join CHRYSLER CORP.'s motions to dismiss (Dkt. No. 10) is GRANTED by this ORDER. Therefore, the rulings in this ORDER apply to all three remaining Defendants.

1

sell the 1995 Chrysler LHS in Mexico. However, Plaintiffs were able to purchase the 1996 model year shortly thereafter.

On May 21, 1996, while driving their 1996 Chrysler LHS, the Machuca family was involved in a low-speed, two-car collision. The car's air bag deployed. As a result, Luis Pablo Machuca Lopez, the Plaintiffs' three year old son, suffered head injuries and died. The Plaintiffs, Luis's parents, filed this lawsuit individually and as heirs and representatives of Luis. They allege products liability, negligence, gross negligence, and warranties claims.

The Plaintiffs purchased their 1996 Chrysler LHS from a Chrysler dealer in Mexico. The vehicle was registered and licensed in Mexico. The injury occurred in Mexico. All of the witnesses to the accident live in Mexico. Plaintiffs are Mexican nationals who reside on Mexico.

On the other hand, Defendant CHRYSLER CORP., the manufacturer of the automobile is incorporated in Delaware with its principle place of business being Michigan. TRW, INC., is incorporated in and has its principal place of business in Ohio. Likewise, TRW SAFETY SYSTEMS is incorporated in and has its principal place of business in Ohio.[2] MORTON INTERNATIONAL, INC., is a Delaware corporation with its principal place of business in Michigan. The Defendants are amenable to service in Texas and the personal jurisdiction of this Court.

**Discussion**

A.  **Motions to dismiss for lack of jurisdiction**

Defendants in this case claim that, applying Texas law to this diversity case, the Court must dismiss for lack of jurisdiction under Section 71.031(a)(4) of the Texas Civil Practice and Remedies Code. That section permits foreign plaintiffs to bring a cause of action in Texas if their country has "equal treaty rights" with the United States. Mexico

---

[2] TRW Safty Systems's principal place of business might be Michigan. Whether its principal place of business is Ohio or Michigan is irrelevant for this opinion.

has equal treaty rights with the United States, and Plaintiffs may being their suit in a Texas court.

The Texas Supreme Court recently decided this issue in *Dubai Petroleum Co. et al. v. Kazi, et al.*, No. 97-1068, 2000 WL 144407 (Tex. Feb.10, 2000). The Texas Supreme Court held that §71.031 is not jurisdictional; rather, it is a statutory requirement that must be fulfilled in order to bring suit. *See id.* at *4. The Court then held that the International Covenant of Civil and Political Rights establishes equal treaty rights between India and the United States. The Kazis met the requirements in §71.031 and were able to bring suit in Texas.

The United States and Mexico are signatories to the International Covenant of Civil and Political Rights, the same treaty at issue in *Kazi*; therefore, they share equal treaty rights. *See Ford Motor Co. v. Aguina*, No04-97-01018-CV, 1999 WL 993758, at *7 (Tex. App. – San Antonio Nov. 3, 1999) ("Because the United States and Mexico are signatories of the multilateral International Covenant on Civil and Political Rights and this treaty imparts "equal treaty rights" to the citizens of both countries, we hold that the requirements of § 71.031 are fulfilled to establish the trial court's subject matter jurisdiction."). Plaintiffs satisfy the requirements of §71.031 of the Texas Civil Practice and Remedies Code and may bring suit in a Texas court. Moreover, this Court has subject matter jurisdiction pursuant to Title 28 United States Code Section 1332.

**B.    Forum non conveniens[3]**

As the Plaintiffs correctly assert, *forum non conveniens* is a matter of discretion; however, it is "an exercise in *structured discretion* founded on a procedural framework guiding the district court's decisionmaking process." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987) (emphasis added), *vacated*

---

[3]    The Court has subject matter and personal jurisdiction. Furthermore, venue is proper or has been otherwise waived. Through *forum non conveniens* "a federal trial court may decline to exercise its jurisdiction and venue, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum." *Baumgart v. Fairchild Aircraft Corp*, 981 F.2d 824, 828 (5th Cir. 1993).

*sub nom. Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated except as to damages sub original nom. In re Air Crash Disaster Near New Orleans, La., on July 9, 1982*, 883 F.2d 17 (5th Cir. 1989).[4] Judges are not unfettered, even when deciding issues that are "discretionary."

A *forum non conveniens* analysis involves a three step inquiry. *See Baumgart*, 981 F.2d at 835. First, the Court must determine whether an alternative forum is available and adequate. Second, if an available and adequate forum exists, the Court must balance the "private interest" factors. If the private interest factors do not weigh in favor of dismissal, the Court must consider the "public interest" factors. The Court must balance private and public factors and weigh them against the Plaintiff's choice of forum.

The first step, determining whether there is an alternative forum, is a two-part inquiry. The alternative forum must be both available and adequate. *See In re Air Crash*, 821 F.2d at 1165. A foreign forum is available when the entire case and all parties can come within the jurisdiction of the foreign forum. *See id.*; *see also Syndicate 420 At Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986). A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *See Seguros Comercial Americas S.A. v. American President Lines, Ltd.*, 933 F. Supp. 1301, 1307 (S.D. Tex. 1996) (*Seguros II*); *see also In re Air Crash*, 821 F.2d 1165. If there is an alternative forum that is both available and adequate, the Court continues with its inquiry.

The second step in the inquiry requires the Court to balance the private interest factors. The private interest factors include 1) the relative ease of access to sources of

---

[4] *Forum non conveniens* is a procedural doctrine, and the Fifth Circuit has held that "a federal court sitting in a diversity action is required to apply the federal law of *forum non conveniens* when addressing motions to dismiss a plaintiff's case to a foreign forum." *De Aguillar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993), *cert. denied*, 516 U.S. 865, (1995).

4

proof; 2) the availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; 3) probability of an opportunity to view the premises, if viewing would be appropriate to the action; and 4) other factors affecting the case, speed and expense of trial, or the enforceability of a judgment if obtained.[5] If the private interest factors weigh in favor of dismissal, the Court will dismiss the case.

If, however, the private interest factors do not weigh in favor of dismissal, the Court will then continue to the third step and balance the public interest factors. The public interest factors include 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies resolved at home; 3) the interest in having the trial of a diversity case in the forum that is at home with the law that must govern the action; 4) the avoidance of unnecessary problems in conflicts of law, or in application of a foreign law; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty. See *Piper Aircraft*, 454 U.S. at 241 n.6.

1.  **Availability of an adequate alternative forum**

    a.   **Availability**

    Mexico is an available forum. Defendants have shown that Plaintiffs have a cause of action under Mexican law. Moreover, Defendants have stated that they will submit to the jurisdiction of a Mexican court. "[D]efendant's submission to the jurisdiction of an alternative forum renders that forum available for purposes of [this] analysis." *Veba-CHemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). Plaintiffs state that such assurances "are not binding on actions [Defendant] might take in a new suit filed in Mexico." In fact it is. This case will be dismissed on *forum non conveniens* grounds on the condition that Defendant submit to the jurisdiction of a Mexican court, see infra.

---

[5] First announced in *Gulf Oil Corp v. Gilber*, 330 U.S. 501, 508 (1947), these factors have been reaffirmed by more recent cases. See, e.g., *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *In re Air Crash*, 821 F.2d at 1162.

### b.     Adequacy

Mexico is an adequate forum.  Plaintiff argues, without benefit of citation to factually relevant authority, that Mexican courts are not an adequate forum to hear this case.  Primarily, Plaintiffs' arguments rest on the fact that under Mexican law damages are capped.  Plaintiffs also argue that the affidavit of Professor Hans W. Baade[6] demonstrates that Plaintiffs' principal claim of design and manufacturing defect and marketing are not actionable under Mexican law.  Finally, plaintiffs argue that statute of limitations presents an impediment to filing suit in Mexico.  None of these arguments is persuasive.[7]

Plaintiffs argue that Mexican courts are not adequate because Mexican law limits recovery.  The question is not whether a remedy in the alternative forum is adequate in the sense of being sufficient but whether it exists, and a remedy does exist under the laws of Mexico.  *See Seguros Comercial Americas S.A. de C.V. v. American President Lines, Ltd.*, 910 F. Supp. 1235, 1245 (S.D. Tex. 1995) (*Seguros I*) (stating that "[a]s long as [plaintiff] is not deprived of any remedy or treated unfairly in the courts of Mexico, the comparable amount of recovery is not a factor to be addressed in this case"), *vacated on other grounds* 105 F.3d 198, (5th Cir. 1996) (vacating and ordering remand for the trial court to enter an order formally incorporating stipulations).  Plaintiffs quote *Piper Aircraft* for the proposition that "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." 454 U.S. at 255 n.22.  "Clearly unsatisfactory" is a term of art invoking a technical, not an emotional or moral, inquiry.  In *Piper Aircraft*, the Supreme Court cited as an example of a clearly unsatisfactory remedy a case in which the trial court refused to dismiss because an Ecuadorian court

---

[6]     Professor Baade prepared an affidavit in support of Defendants' motions to dismiss.  (Dkt. No. 9).

[7]     For a case in which a court of this district rejected the same three arguments, see *Seguros II*, 933 F. Supp. at 1308.

would not hear the case. *See id.* (citing *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (Del. 1978)). Thus, the existence of a remedy, rather than the potential amount of recovery, is the focus of the inquiry. Mexico's choice to limit recoveries in tort cases does not lead the Court to conclude that Mexican courts are not adequate to hear this case.

  Moreover, Plaintiffs' argument that it could not bring its principal claim of design and manufacturing defect and marketing under Mexican law is unfounded. Contrary to Plaintiffs' assertion, Professor Baade states in paragraph 19 of his affidavit that Plaintiffs would have a claim inder Mexican law.[8] Mexican law might not provide the exact claims as would American law; however, that is not a requirement. This argument was addressed by the holding of *Piper Aircraft* that "[t]he possibility of a change in the substantive law should ordinarily not be given conclusive or *even substantial* weight in the *forum non conveniens* inquiry." 454 U.S. at 247 (emphasis added) (dismissing a case on *forum non conveniens* grounds despite the fact that the foreign forum did not recognize strict liability and the potential damages would be reduced).

  Finally, statute of limitations, known as prescription under Mexican law, will not necessarily present an impediment to filing this lawsuit in Mexico. Under Mexican law, limitations are "proper exception" or defenses and are waivable. *See Seguros II*, 933 F. Supp. at 1308. The Court will grant dismissal on the condition that Defendants waive statute of limitations defenses in a Mexican court, *see infra*.

  The Defendants have met their burden and demonstrated that the Mexican courts are both available and adequate. This case and all of the Defendants can be brought within the jurisdiction of a Mexican court. Moreover, Plaintiffs are not in danger

---

  [8] The Court recognizes that Professor Baade, in paragraph 20, explains that there was not a federal statutory basis for a cause of action accruing at the relevant time; however, paragraph 19 clearly states that Plaintiffs can recover under the law of the State of Mexico.

of being deprived of any remedy or treated unfairly. Thus, the Court concludes that Mexico is an alternative forum, both available and adequate.

2.  **Private interest factors**

Having decided that an alternative forum exists, the Court turns to the private interest factors "weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum." *In re Air Crash*, 821 F.2d at 1165.

A plaintiff's choice of forum is usually afforded great deference. However, "a foreign plaintiff's choice deserves less deference. *See Piper Aircraft*, 454 U.S. at 256. Therefore, "the burden normally on a defendant to show that the balance of private interests is strongly in its favor applies with less force when a foreign plaintiff has chosen a United States court." *See De Aguilar v. Boeing, Co.*, 806 F. Supp. 139, 143 (E.D. Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993), *cert. denied* 516 U.S. 865 (1995). Because Plaintiffs are foreign citizens and residents, their choice of forum is given less deference and Defendants' burden is lessened. The Court weighs the private interest factors accordingly.

  a.  **Relative ease of access to sources of proof**

In this case the sources of evidence can be found in several different locations. Information related to the design and construction of both the automobile and component parts can mostly be found in Michigan and Ohio.[9] All of the eyewitnesses to the accident can be found in Mexico. The automobile is located in a warehouse in Harlingen, Texas.[10] There is nothing to suggest that the Southern District of Texas is a more convenient forum than Mexico. Ease of access to all of the relevant evidence

---

[9] Plaintiffs make the bald assertion that Defendants are attempting to use *forum non conveniens* "to make it easier for them to withhold documents and evidence of known product defects from Plaintiffs who happen to be citizens of the Republic of Mexico." Plaintiffs response (Dkt. No. 7). The Court declines to accept as true the assertion that Defendants are making such an attempt.

[10] The Court assumes that the automobile was moved to Texas to facilitate this lawsuit. It is not imperative that it be here. Furthermore, the fact that it was transported here indicates that it is mobile and could be returned to Mexico if required.

8

remains the same whether tried in Brownsville, Texas, or Mexico.  If anything Defendants will more easily be able to access witnesses in Mexico, *see infra*.

      **b.    Availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses**

Plaintiffs have approximately twenty-seven to thirty witnesses, of whom all but one are in Mexico.  Certainly there will be some witnesses in the United States, especially expert witnesses.  The Court, however, believes that most of the witnesses will either be in Mexico or paid experts who will be able to travel to Mexico City.  Furthermore, the Court conditions dismissal on Defendants' agreement to produce all United States witnesses within their control who have knowledge of relevant facts, *see infra*.  This is hardly a burdensome condition for two reasons.  First, it is the Defendants who are requesting dismissal despite the Court having jurisdiction and venue.  Second, and more importantly, as Defendants have stated, sending their witnesses to Mexico City is more convenient than sending them to Brownsville, Texas.

Moreover, the driver of the other car is a Mexican citizen and resident.  Defendants can neither depose nor subpoena to appear nor join the other driver unless this action is brought in Mexico.

      **c.    Probability of an opportunity to view the premises, if view would be appropriate to the action**

The place of the accident is in Mexico.  A jury or court would benefit from viewing the scene and conditions of the accident.

      **d.    Other factors affecting the case**

Although foregoing a detailed choice of law analysis, the Court is persuaded that the law of Mexico and not Texas is most likely the law that would apply in this case, *see infra*.  Feasible as it might be with experts like Professor Baade assisting the parties and the court, applying the law of Mexico to this case would be expensive both in time and money.  Obviously the courts of Mexico are far more capable of applying the laws of Mexico than is this Court.

9

### e. The Court's conclusions as to private interest factors

The Court concludes that the private interest factors weigh in favor of dismissal. Giving the deference due to Plaintiffs' choice of forum and the private factors, the Court finds that a trial in Mexico "will best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

### 3. Public interest factors

Finding that the private interest factors weigh in favor of dismissal generally ends the inquiry; however, the Court will address the public interest factors, which also weigh in favor of dismissal.[11] The public interest factors, listed *supra* **B.**, must be weighed in light of the forum's interest. "The central question a court must answer when considering the public interest [factors] is whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it." *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 838 (S.D. Tex. 1993). The public factors do not suggest a general nexus with the Southern District of Texas, much less the Brownsville division, sufficient to warrant retention of this case.

### a. Applicable law

In a diversity action, a federal court must apply the choice-of-law rules of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). According to Texas law, "in all choice-of-law cases, except those contract cases in which the parties have agreed to a valid choice-of-law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984); *see also Total Oil Field Services, Inc. v. Garcia*, 711 S.W.2d 237 (Tex.1986) (applying

---

[11] There are numerous Fifth Circuit opinions standing for the proposition that a district court finding the private interest factors weigh in favor of dismissal need not proceed to the public interest factors. *See, e.g., Baumgart*, 981 F.2d at 837 (finding an analysis of the public factor unnecessary because the private factors weighed in favor of dismissal); *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 376 (5th Cir. 1992) (same). Out of an abundance of caution, the Court considers the public interest factors.

the most significant relationship test to wrongful death cases); *Perry v. Aggregate Plant Prods. Co.*, 786 S.W.2d 21 (Tex.App.-San Antonio 1990, writ denied) (applying the most significant relationship test to products liability case); *Crisman v. Cooper Indus.*, 748 S.W.2d 273 (Tex.App.-Dallas 1988, writ denied)(same).  Texas follows the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §6, which provides the relevant factors for the Court to consider.[12]  Furthermore, section 145 lists the factual matters that a Texas court will consider when applying section 6.[13]  These contacts are to be evaluated according to their relative importance with respect to the particular issue.  Furthermore, the application of the significant relationship test does not "turn on the number of contacts, but more importantly on the qualitative nature of those contacts as affected by

---

[12]     Section 6 lists several factors to be considered.  They include:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
    (a) the needs of the interstate and international systems,
    (b) the relevant policies of the forum,
    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d) the protection of justified expectations,
    (e) the basic policies underlying the particular field of law,
    (f) certainty, predictability and uniformity of result, and
    (g) ease in the determination and application of the law to be applied.

[13]     Section 145 lists several factors to be considered.  They include:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in S 6.
(2) Contacts to be taken into account in applying the principles of S 6 to determine the law applicable to an issue include:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
    (d) the place where the relationship, if any, between the parties is centered.

11

the policy factors enumerated in Section 6." *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979).

First, the injury occurred in Mexico. Plaintiffs claim that, in considering the second element, the Court should apply the law of the state where the automobile or the air bag was designed, either Michigan, Ohio, or Texas law. The *Crisman* and *Perry* decisions, *supra*, control this issue. In a products liability case, the place where the product enters the stream of commerce has an interest in applying its laws. The automobile entered the stream of commerce in Mexico where it was purchased. Third, Plaintiffs are Mexican citizens and residents. Defendants, although American companies, conduct business in Mexico. Finally, the relationship between these parties is focused, if anywhere, in Mexico, where the Plaintiffs bought and registered their automobile. Texas courts do not have an interest in trying this case.

Plaintiffs fail in their attempts to demonstrate a Texas connection to or interest in this case. At most they have shown that Mr. Machuca saw some advertisements and talked to a couple of dealerships in Houston, Texas; that the automobile probably passed through Texas when it was shipped to Mexico; and that all of the Defendants have business connections to Texas. Because it can hardly be said that Texas is the forum with the most significant contacts to this case, the law of Mexico rather than Texas should apply.

  b.  **Administrative difficulties flowing from court congestion**

The Courts of the Southern District of Texas are congested with cases having a far greater nexus to this district than this case. In particular, the demands of a heavy criminal docket and the priority given to criminal cases inevitably leads to backlogs in the civil cases. Conservation of judicial resources being an important objective, it is not in the public interest to burden this court with a case bearing no impact on the forum community. *See Seguros II*, 933 F. Supp. at 1314.

  c.  **Local interest in having a localized controversies resolved at home**

This case involves a Mexican Plaintiff alleging a loss in Mexico. Therefore, the citizens of this district and the United States as a whole have a minimal interest in the

12

outcome of this case. Moreover, because Mexican law applies, the decision in this case would have no precedential impact in the United States. Therefore, the Court concludes that this factor weighs in favor of dismissal. *See id.*

### d. Interest in having the trial of a diversity case in the forum that is at home with the law that must govern the action and the avoidance of unnecessary problems in conflicts of law, or in application of a foreign law

Although the Court performs an abbreviated but thorough conflict of law analysis, the Court is convinced that the law of Mexico will apply to this case. In order to preserve judicial resources, this Court should not retain this case. Furthermore, the courts of Mexico will be more capable of and have a greater interest in applying the laws of Mexico.

### e. Unfairness of burdening citizens in an unrelated forum with jury duty

It would be an undue burden upon the citizens selected for jury duty to devote their time and attention to deciding this case rather than the many cases with a far more compelling relationship to local interests. Jury duty is a burden that ought not to be imposed upon the people of a community that has no relation to the litigation. See *Gilbert*, 330 U.S. at 508-09. Texans living under American law have an innate understanding of American law. A Texas jury would not have the same understanding of Mexican law and would therefore have difficulty applying laws foreign to them. Thus, this factor also weighs in favor of dismissal.

### f. The Court's conclusions as to public interest factors

The Court concludes that, like the private interest factors, the public interest factors weigh in favor of dismissal. Therefore, the Court finds that a trial in Mexico "will best serve the convenience of the parties and the ends of justice." *Koster*, 330 U.S. at 527.

### C. Conditions of dismissal

Therefore, it is ORDERED that this case is dismissed under the following conditions:

13

1. Defendants shall submit to the jurisdiction of the appropriate Mexican court in which Plaintiffs have filed suit within ninety (90) days of this order of dismissal;

2. Defendants shall waive any statute of limitations or jurisdictional defenses that could be posed in the Mexican court; and

3. Defendants shall make available in Mexico all relevant documents and witnesses within its control.

Should Defendants fail to meet any of these conditions, this Court will resume jurisdiction over the case.

**Conclusion**

1. Defendant CHRYSLER CORP.'s motion to dismiss for lack of jurisdiction (Dkt. No. 3-1) is DENIED.

2. Defendant CHRYSLER CORP.'s motion to dismiss for *forum non conveniens* (Dkt. No. 3-3) is GRANTED.

3. Defendant CHRYSLER CORP.'s motion to apply the substantive law of Mexico (Dkt. No. 3-4) is GRANTED.

4. Defendant TRW VEHICLE SAFETY SYSTEMS and TRW INC.'s motion to dismiss for lack of jurisdiction (Dkt. No. 10-1) is DENIED.

5. Defendant TRW VEHICLE SAFETY SYSTEMS and TRW INC.'s motion to dismiss for *forum non conveniens* (Dkt. No. 10-3) is GRANTED.

6. Defendant TRW VEHICLE SAFETY SYSTEMS and TRW INC.'s motion to apply the substantive law of Mexico (Dkt. No. 10-4) is GRANTED.

7. Defendant CHRYSLER CORP.'s motion to change venue (Dkt. No. 3-2) is WITHDRAWN. At the April 12, 1999, conference, the Defendants announced that they would no longer urge this motion.

DONE at Brownsville, Texas, this ___18___ day of February 2000.

_____
Hilda G. Tagle
United States District Judge

14