61

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALEZ, | § | |
| INDIVIDUALLY, AND MARTHA PATRICIA | § | |
| LOPEZ GUERRERO, INDIVIDUALLY, | § | |
| AND AS HEIRS AND REPRESENTATIVES | § | |
| OF THE ESTATE OF LUIS PABLO | § | |
| MACHUCA LOPEZ, DECEASED, | § | |
| PLAINTIFFS | § | |
| | § | CIVIL ACTION NO. B-98-75 |
| VS. | § | |
| | § | |
| CHRYSLER CORPORATION A/K/A | § | |
| CHRYSLER MOTOR CORPORATION, | § | |
| CHRYSLER CANADA, LTD., TRW, INC., | § | |
| TRW VEHICLE SAFETY SYSTEMS, INC., | § | |
| AND MORTON INTERNATIONAL, INC., | § | |
| DEFENDANTS, | § | |

## PLAINTIFFS' MOTION TO RECONSIDER ORDER STRIKING FILINGS,
### or in the alternative,
## MOTION TO REFILE "MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL"

TO THE HONORABLE HILDA G. TAGLE:

Plaintiffs move the Court to reconsider its order striking filings, or in the alternative, Plaintiffs move the Court to permit Plaintiffs to refile their "Motion to Extend Time to File Notice of Appeal," pursuant to Federal Rule of Appellate Procedure 4(a)(5), and in support thereof would show the Court the following:

1. On October 25, 2000, this Court entered judgment dismissing this cause with prejudice.

2. On November 20, 2000, less than thirty days from the date of judgment, Plaintiffs filed a Notice of Appeal with the federal district clerk's office. Plaintiffs sent the Notice of Appeal addressed to the clerk, via certified mail, return receipt requested, to "P.O. Box 2067,

Brownsville, Texas 78522." Plaintiffs also enclosed the requisite $105.00 filing fee as cost of the appeal.

3. On November 30, 2000, Plaintiffs filed their request for transcript from Mr. Breck Record, the court reporter for Honorable Hilda Tagle.

4. On Tuesday, December 12, 2000, Plaintiffs' counsel received a call from the Court indicating that the P.O. Box on the notice of appeal was the former address of the federal district clerk for the Southern District of Texas in Brownville, and not the current address of the same clerk. Thus, for the first time, Plaintiff's counsel was informed that there may be a problem with the Notice of Appeal. Plaintiffs' counsel was informed that the Notice would be forwarded to the Clerk's office, but that it had not been marked filed as of December 12, 2000.

5. Plaintiffs subsequently received a file-marked copy of the Notice of Appeal, dated December 12, 2000.

6. On December 18, 2000, Plaintiffs filed a Motion to Extend To File Notice of Appeal. The Motion was sent to the Clerk approximately 54 days after the entry of the judgment. As such, it would have been filed within the parameters of Federal Rule of Appellate Procedure 4(a)(5). *See* **Exhibit "A"** (true and correct copy of said motion)

7. On December 29, 2000, roughly ten (10) days after the motion was sent to the Clerk, Plaintiffs received, via facsimile, an order striking the Motion *only* because Plaintiffs' counsel *failed to list their Southern District of Texas Federal Bar Numbers*, as required by Local Rule 11.3(A). *See* **Exhibit "B"** (true and correct copy of Notice from Court).

8. Although Plaintiffs did not comply with the *technical* pleading requirement of the local

2

rules, such failure should not prevent the filing of the motion altogether as of December 18, 2000. According to Federal Rule of Civil Procedure 5, "the clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." FED.R.CIV.P. 5.

9. Because the striking of pleadings is considered a "sanction" under Local Rule 11.4, Plaintiffs refer to the Federal Rules regarding sanctions. The technical defendant in the motion does not render it groundless, frivolous, or an abuse in any way. Sanctions should not be imposed solely for technical errors that traditionally are allowed to be corrected. *Montrose Chem. Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1136 (9th Cir. 1997). Plaintiffs would ask the Court to reconsider whether striking the motion, and depriving Plaintiffs of opportunity to litigate the merits, is a "just" sanction as contemplated by the federal Rules of Civil Procedure. *See* FED.R.CIV.P. 1 & 11.

10. Should the Motion to Extend time to File Notice of Appeal not be file-marked as of the date it was actually received, it could amount to the death knell for the case. Whether the determination not to accept the Motion for filing is considered a technical decision by the clerk, or a "sanction" by the Court, Plaintiffs would submit that such a "death penalty" sanction for the technicality referenced in the Court's order of December 29, 2000 is not contemplated by the Federal Rules of Civil Procedure and would not serve the ends of justice. *See* FED.R.CIV.P. 1.

11. Plaintiffs hereby ask the Court to reconsider its order striking the Motion to Extend time to File Notice of Appeal, in the inters of justice, for the reason that the punishment (death penalty sanction) does not fit he crime (technical defect of signature block of

3

pleading). In the alternative, Plaintiffs would ask the Court to instruct the Clerk to mark the Motion For Extension of Time to File Notice of Appeal as "filed" as of December 18, 2000.

## Conclusion

For each of the foregoing reasons, Plaintiffs pray that this motion be granted and that Plaintiffs be permitted to file their Notice of Appeal and accompanying Motion for Extension of Time, each of which was received by the district clerk within 60 days of the October 23, 2000 judgment. In the alternative, Plaintiffs pray for any relief which would permit them to proceed with the appeal on the merits.

Respectfully Submitted,

**RODRIGUEZ, TOVAR
CALVILLO & GARCIA, L.L.P.**
1111 West Nolana
McAllen, Texas 78504
Telephone: (956) 687-4363
Telecopier: (956) 687-6415

DAVID N. CALVILLO
State Bar No. 03673000
Fed. I.D. No. 11431

Attorney-In-Charge

JOHN G. ESCAMILLA
State Bar No. 00793699
Fed. ID No. 23483

4

## CERTIFICATE OF CONFERENCE

I hereby certify that on or before the 5th day of January, 2001, I conferred with counsel for each of the defendants about the request sought herein. I certify that each of the opposing counsel indicated that they are opposed the relief sought herein.

John G. Escamilla

<u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing document, has been forwarded by certified mail, return receipt requested, to the following counsel of record, on January 5, 2001:

Burgain Hayes, Trek Doyle
Clark, Thomas & Winters
1200 Texas Commerce Bank Building
700 Lavaca Street
Austin, TX  78701

**Attorneys for Defendant Daimler-Chrysler**

David Tippetts
Wilson, Elser, Moskowitz, Edelman & Dicker
6363 Woodway, Suite 750
Houston, TX 77057

**Attorneys for Defendant TRW**

Keith Uhles, Ewing "Eddie" Sikes
Royston, Rayzor, Vickery & Williams
55 Cove Circle
Brownsville, TX  78523-3509

**Attorneys for Defendant Morton International**

John G. Escamilla

# Exhibit "A"

CVISPDF – www.fesisi.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

DEC 1 2 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALEZ, INDIVIDUALLY, AND MARTHA PATRICIA LOPEZ GUERRERO, INDIVIDUALLY, AND AS HEIRS AND REPRESENTATIVES OF THE ESTATE OF LUIS PABLO MACHUCA LOPEZ, DECEASED, PLAINTIFFS | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-75 |
| CHRYSLER CORPORATION A/K/A CHRYSLER MOTOR CORPORATION, CHRYSLER CANADA, LTD., TRW, INC., TRW VEHICLE SAFETY SYSTEMS, INC., AND MORTON INTERNATIONAL, INC., DEFENDANTS, | § § § § § § § | |

### PLAINTIFFS' MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

TO THE HONORABLE HILDA G. TAGLE:

Plaintiffs move the Court for leave to file out of time Notice of Appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5), and in support thereof would show the Court the following:

1. On October 25, 2000, this Court entered a judgment dismissing this cause with prejudice.

2. This motion to extend is being filed approximately 54 days after the entry of the judgment. As such, this motion is filed within the parameters of Federal Rule of Appellate Procedure 4(a)(5).

3. On November 20, 2000, less than thirty days from the date of judgment, Plaintiffs attempted to file a Notice of Appeal with the federal district clerk's office. Plaintiffs sent the

Notice of Appeal addressed to the clerk, via certified mail, return receipt requested, to "P.O. Box 2067, Brownsville, Texas 78522."  Plaintiffs also enclosed the requisite $105.00 filing fee as cost of the appeal."

4.  On November 30, 2000, Plaintiffs filed their requests for transcript from Breck Record, the court reporter for Hon. Hilda Tagle.

5.  On Tuesday, December 12, 2000, Plaintiffs counsel received a call from the Court indicating that the P.O. Box on the notice of appeal was the former address of the federal district clerk for the Southern District of Texas in Brownville, and not the current address of the same clerk.  Thus, for the first time, Plaintiff's counsel was informed that there was problem with the Notice of Appeal.  Plaintiffs' counsel was informed that the Notice would be forwarded to the Clerk's office, but that it had not been marked filed as of December 12, 2000.

**6.**  Plaintiffs subsequently received a file-marked copy of the Notice of Appeal, dated December 12, 2000.  *See* **Exhibit "A."**

7.  Plaintiffs hereby seek leave to file an out of time Notice of Appeal, as such request is contemplated by the Federal Rules of Procedure, and the circumstances for granting the extension was warrant under the Rules and under *Pioneer Investment Services v. Brunswick Assoc.*, 507 U.S. 380 (1993), and its progeny.

8.  The delay in filing the notice of appeal was due to excusable neglect, rather than any conscious indifference or deliberate action.  Mr. John Escamilla prepared the Notice of Appeal in a timely manner, and tendered it to his legal assistant to send via certified mail, return receipt requested, to the District Clerk's office.  *See* **Exhibit "B"** (affidavit of John G.

2

Escamilla).  It is the ordinary course for Mr. Escamilla to entrust locating addresses and mailing out pleadings to his support staff.  *Id.*

9.  Due to an inadvertent oversight, Mr. Escamilla's assistant sent the notice of appeal to the former address of the Federal District Court for the Southern District of Texas, rather than to the present address.  *See* **Exhibit "C"** (affidavit of April Moreno).  It is Plaintiffs' understanding that the federal courthouse in Brownsville, Texas has changed during the pendency of this litigation.

10. Plaintiffs should not be prejudiced by this inadvertent oversight of their counsel or their counsel 's staff.  *See Pioneer Investment Services v. Brunswick Assoc.*, 507 U.S. 380 (1993).  The length of the delay occasioned by the oversight is relatively short, given the fact that there has been little, if any, activity on this case in more than a year.  Moreover, and Plaintiffs do not expect that any of the Defendants has been harmed by the short delay occasioned by the extension of time sought herein.

11.  For each of the foregoing reasons, Plaintiffs pray that this motion be granted and that Plaintiffs be permitted to file their Notice of Appeal within 60 days of the October 23, 2000 judgment.

Respectfully Submitted,

**RODRIGUEZ, TOVAR
CALVILLO & GARCIA, L.L.P.**
1111 West Nolana
McAllen, Texas 78504
Telephone:  (956) 687-4363
Telecopier: (956) 687-6415

DAVID N. CALVILLO
State Bar No. 03673000

3

JOHN G. ESCAMILLA
State Bar No. 00793699
<u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on or before this the 18th day of December, 2000, I conferred with counsel for each of the defendants about the filing of this motion and the relief sought herein. I certify that each of the opposing counsel indicated that they are opposed the extension of time sought herein.

_____
John G. Escamilla

4

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document, has been forwarded by certified mail, return receipt requested, to the following counsel of record, on December 18, 2000:

Arnulfo Acosta (Attorney-in-Charge)
Arnulfo Acosta, PC
4502 North Cage
Pharr, TX  78577

**Attorney for Plaintiffs**

Burgain Hayes, Trek Doyle
Clark, Thomas & Winters
1200 Texas Commerce Bank Building
700 Lavaca Street
Austin, TX  78701

**Attorneys for Defendant Daimler-Chrysler**

David Tippetts
Wilson, Elser, Moskowitz, Edelman & Dicker
6363 Woodway, Suite 750
Houston, TX 77057

**Attorneys for Defendant TRW**

Keith Uhles, Ewing "Eddie" Sikes
Royston, Rayzor, Vickery & Williams
55 Cove Circle
Brownsville, TX  78523-3509

**Attorneys for Defendant Morton International**

_____
John G. Escamilla

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALEZ, INDIVIDUALLY, AND MARTHA PATRICIA LOPEZ GUERRERO, INDIVIDUALLY, AND AS HEIRS AND REPRESENTATIVES OF THE ESTATE OF LUIS PABLO MACHUCA LOPEZ, DECEASED, PLAINTIFFS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-98-75 |
| CHRYSLER CORPORATION A/K/A CHRYSLER MOTOR CORPORATION, CHRYSLER CANADA, LTD., TRW, INC., TRW VEHICLE SAFETY SYSTEMS, INC., AND MORTON INTERNATIONAL, INC., DEFENDANTS, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER PERMITTING PLAINTIFFS TO FILE NOTICE OF APPEAL

On this day, the Court considered Plaintiffs' Motion to Extend Time to File Notice of Appeal. After considering the motion and the arguments contained therein, the Court is of the opinion that the motion has merit and should in all things be granted. The Court hereby Grants the Motion.

It is hereby ORDERED that Plaintiffs may file their Notice of Appeal within sixty days of the date judgment was entered.

Signed:  December _____, 2000

_____
Hon. Hilda G. Tagle
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALEZ, | § | |
| ET AL. | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-98-75 |
| VS. | § | |
| | § | |
| CHRYSLER CORP., ET AL., | § | |
|     Defendants, | § | |

## NOTICE OF APPEAL

TO THE HONORABLE HILDA G. TAGLE:

    COME NOW Plaintiffs JORGE LUIS MACHUCA GONZALEZ and MARTHA PATRICIA LOPEZ GUERRERO, individually and as Heirs and Representatives of the Estate of PABLO LUIS MACHUCA LOPEZ, pursuant to FED.R.APP.P. 3 file this Notice of Appeal.

    All Plaintiffs wish to appeal the Final Judgment rendered by this Court on October 25, 2000 which dismisses Plaintiffs' cause with prejudice.

    All Plaintiffs wish to appeal the case to the Fifth Circuit Court of Appeals.

            Respectfully Submitted,

            RODRIGUEZ, TOVAR, CALVILLO & GARCIA, L.L.P.
            1111 West Nolana
            McAllen, Texas 78504
            Telephone: (956)687-4363
            Telecopier: (956) 687-6415

            DAVID N. CALVILLO
            State Bar No. 03673000
            Federal ID No. 11431
            JOHN G. ESCAMILLA
            State Bar No. 00793699
            Federal ID No. 232483

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
               Deputy Clerk

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document, has been forwarded by regular mail to the following counsel of record, on November 20, 2000:

Burgain Hayes
Roy Spezia
Scotty Thomas
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX  78701

Jerry Johnson
Feeney, Kellett, Wienner & Bush
35980 Woodward Avenue, Second Floor
Bloomfield Hills, Michigan 48304-0934

Jaime Saenz
Rodriguez Colvin & Chaney
Po Box 2155
Brownsville, Texas 78522

**Attorneys for Defendant DaimlerChrysler**

David Tippetts
Wilson, Elser, Moskowitz, Edelman & Dicker
6363 Woodway, Suite 750
Houston, TX 77057

**Attorney for Defendant TRW Inc.**

Keith Uhles
Ewing "Eddie" Sykes
Royston, Rayzor, Vickery & Williams
55 Cove Circle
Brownsville, TX  78523-3509

**Attorneys for Defendant Morton International Inc.**

_____
John G. Escamilla

CLOSED APPEAL

U.S. District Court
TXS - Southern District of Texas (Brownsville)

CIVIL DOCKET FOR CASE #: 98-CV-75

Machuca-Gonzales v. Chrysler Corporation, et al          Filed: 05/20/98
Assigned to: Judge Hilda G Tagle          Jury demand: Defendant
Demand: $0,000          Nature of Suit:  355
Lead Docket: None          Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:1391 Personal Injury

JORGE LUIS MACHUCA-GONZALES, ,          David N Calvillo
Individually And Marta          956-687-6415 fax
Patricia Loperz,Individually          [COR LD NTC]
And As Heirs And          Rodriguez Pruneda et al
Representatives Of The Estate          1111 W Nolana
Of Luis Pablo Machuca Lopez,          McAllen, TX 78504
DECEASED          956-687-4363
     plaintiff

          Arnulfo M Acosta
          [COR LD NTC]
          Attorney at Law
          4502 N Cage
          Pharr, TX 78577
          956-702-4488


     v.


CHRYSLER CORPORATION, A/K/A          Jaime Arturo Saenz
Chrysler Motor Corporation          956-541-2170 fax
     defendant          [COR NTC]
          Rodriguez Colvin & Chaney
          1201 E Van Buren
          Brownsville, TX 78520
          956-542-7441

          Burgain Garfield Hayes
          512-474-1129 fax
          [COR LD NTC]
          Clark Thomas & Winters
          P O Box 1148
          Austin, TX 78767
          512-472-8800

          Donald Scott Thomas, Jr
          512-474-1129 fax
          [COR LD NTC]
          Clark Thomas Winters

Docket as of December 13, 2000 2:18 pm          Page 1     NON-PUBLIC

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _M.Perez_____

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

                                        & Newton
                                        P O Box 1148
                                        Austin, TX 78767
                                        512 472-8800

CHRYSLER CANADA,LTD                     Burgain Garfield Hayes
        defendant                        [term  04/13/99]
   [term  04/13/99]                      (See above)
                                         [COR LD NTC]

                                        Donald Scott Thomas, Jr
                                         [term  04/13/99]
                                         (See above)
                                         [COR LD NTC]

TRW,INC                                 David R Tippetts
        defendant                       713-785-7780 fax
                                        [COR LD NTC]
                                        Wilson Elser Moskowitz Edelman
                                        and Dicker
                                        6363 Woodway
                                        Ste 750
                                        Houston, TX 77057
                                        713-785-7778

TRW VEHICLE SAFETY SYSTEMS INC          David R Tippetts
        defendant                       (See above)
                                        [COR LD NTC]

SCI INTERNATIONAL, ,INC
        defendant
   [term  03/11/99]

MORTON INTERNATIONAL, ,INC              Keith N Uhles
        defendant                       956-542-4370 fax
                                        [COR LD NTC]
                                        Royston Rayzor et al
                                        P O Box 3509
                                        Brownsville, TX 78523-3509
                                        956-542-4377

Docket as of December 13, 2000 2:18 pm                    Page 2    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al      CLOSED APPEAL

| | | |
|---|---|---|
| /20/98 | 1 | COMPLAINT filed;    FILING FEE $ 150.00  RECEIPT # 111327 · (mguz) [Entry date 05/27/98] |
| 5/20/98 | -- | SUMMONS issued for Chrysler Corporation, Chrysler Canada,LTD, TRW,INC, TRW Vehicle Safety, SCI International, Morton International (mguz) [Entry date 05/27/98] |
| 5/27/98 | -- | **Address labels only (mguz) |
| 5/28/98 | -- | CASE REFERRED  to Magistrate Judge Fidencio Garza Jr (mguz) |
| 7/20/98 | 2 | ANSWER to Complaint by Morton International (Added attorney Keith N Uhles), filed.; jury demand (mguz) [Entry date 07/21/98] |
| 7/20/98 | 3 | MOTION to dismiss for lack of jurisdiction, to dismiss to transfer for improper venue, to dismiss for forum non conveniens, to apply the substantive law of Mexico and there to answer to plaintiffs original·complaint by Chrysler Corporation, Motion Docket Date 8/9/98 [3-1] motion, 8/9/98 [3-2] motion, 8/9/98 [3-3] motion, 8/9/98 [3-4] motion , filed. (mguz) [Entry date 07/22/98] |
| 7/20/98 | 3 | MOTION to change venue by Chrysler Corporation, Motion Docket Date 8/9/98 [3-1] motion , filed. (mguz) [Entry date 09/18/98] |
| .,20/98 | 3 | ANSWER to Complaint by Chrysler Corporation (Added attorney ), filed. (mguz) [Entry date 09/18/98] |
| 7/29/98 | -- | **Added for Chrysler Corporation  attorney Burgain Garfield Hayes, Jaime Arturo Saenz (og) |
| 8/7/98 | 4 | ORDER  set pretrial conference for 1:30 9/18/98   before Magistrate Judge Fidencio Garza Jr , entered; Parties notified. ( signed by Judge Filemon B. Vela ) (og) |
| 9/1/98 | 5 | ORDER to withdraw [0-0] Magistrate referral/referred , Court settings are cancelled but deadlines remain in effect, entered; Parties notified. ( signed by Judge Hilda G. Tagle ) (og) [Entry date 09/02/98] |
| 9/1/98 | -- | CASE NO LONGER REFERRED TO  Magistrate Judge Fidencio Garza Jr (og) [Entry date 09/03/98] |
| 9/17/98 | 6 | MOTION for leave to file motions out of time by Jorge Luis Machuca-Gonzales, Motion Docket Date 10/7/98 [6-1] motion , filed. (og) [Entry date 09/18/98] |
| 9/17/98 | 7 | RESPONSE by Jorge Luis Machuca-Gonzales  to [3-1] motion to dismiss for lack of jurisdiction, [3-2] motion to dismiss to transfer for improper venue, [3-3] motion to dismiss for forum non conveniens, [3-1] motion to change venue , filed. (mguz) [Entry date 09/18/98] |

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

9/29/98   8    AFFIDAVIT of Ricgard Graving in support of Chrysler
               Corporation Re: [3-1] motion to dismiss for lack of
               jurisdiction , filed (og) [Entry date 10/01/98]

9/29/98   9    AFFIDAVIT of Hans Baade in support of Chrysler Corporation
               Re: [3-3] motion to dismiss for forum non conveniens , and
               motion to apply substantive law of Mexico, filed (og)
               [Entry date 10/01/98]

9/30/98   10   MOTION to dismiss for lack of jurisdiction, to dismiss,
               to change venueto dismiss for forum non conveniens and
               by TRW,INC, TRW Vehicle Safety, Motion Docket Date
               10/20/98 [10-1] motion, 10/20/98 [10-2] motion, 10/20/98 [10-3]
               motion, 10/20/98 [10-4] motion , filed. (mguz)
               [Entry date 10/02/98]

9/30/98   10   ANSWER to Complaint by TRW,INC, TRW Vehicle Safety (Added
               attorney David R Tippetts), filed.; jury demand (mguz)
               [Entry date 10/02/98]

10/3/98   12   REPLY to [7-1] motion response by Chrysler Corporation  ,
               filed. (larr) [Entry date 04/12/99]

10/14/98  11   ORDER  set status conference for 3:00 11/25/98   before
               Judge Hilda G. Tagle , entered; Parties notified. ( signed
               by Judge Hilda G. Tagle ) (og)

10/14/98  13   MOTION to join  by Morton International, Motion Docket
               Date 11/3/98 [3-1] motion to dismiss for lack of
               jurisdiction, [3-2] motion to dismiss to transfer for
               improper venue, [3-3] motion to dismiss for forum non
               conveniens, [3-4] motion to apply the substantive law of
               Mexico and there to answer to plaintiffs original
               complaint,  , filed. (og) [Entry date 10/19/98]

10/16/98  14   MOTION for David N Calvillo to appear as counsel b to
               assist Mr. Arnulfo Acostay Jorge Luis Machuca-Gonzales
               Arnulfo M Acosta for plaintiff Jorge Luis Machuca-Gonzales,
               Motion Docket Date 11/5/98 [14-1] motion , filed. (og)
               [Entry date 10/19/98]

10/19/98  --   **Added for Jorge Luis Machuca-Gonzales  attorney David N
               Calvillo (og)

10/23/98  15   ORDER  reset status conference for 10:30 12/1/98   before
               Judge Hilda G. Tagle , entered; Parties notified. ( signed
               by Judge Hilda G. Tagle ) (og)

11/18/98  16   JOINT DISCOVERY/Case Management Plan by Jorge Luis
               Machuca-Gonzales, Chrysler Corporation, Chrysler
               Canada,LTD, TRW,INC, TRW Vehicle Safety, SCI International,
               Morton International , filed. (og) [Entry date 11/20/98]

Docket as of December 13, 2000 2:18 pm          Page 4   NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

11/23/98 17     INITIAL DISCLOSURE pursuant to Order for Accelerated
                Discovery by Morton International , filed. (mguz)
                [Entry date 11/25/98]

11/23/98 18     NOTICE of Compliance with initial disclosure requirements
                by Daimler Chrysler Corporation , filed (og)
                [Entry date 11/30/98]

11/23/98 19     DISCLOSURE pursuant to Order for Accelerated Discovery by
                Daimler Chrysler Corporation , filed. (og)
                [Entry date 11/30/98]

11/24/98 20     INITIAL DISCLOSURE pursuant to Order for Accelerated
                Discovery by Jorge Luis Machuca-Gonzales , filed. (og)
                [Entry date 11/30/98]

11/25/98 21     AMENDED RESPONSE by Jorge Luis Machuca-Gonzales  to [3-1]
                motion to dismiss for lack of jurisdiction, [3-2] motion to
                dismiss transfer for improper venue, [3-3] motion to
                dismiss for forum non conveniens, [3-4] motion to apply the
                substantive law of Mexico and there to answer to plaintiffs
                original complaint, [3-1] motion to change venue , filed.
                (og) [Entry date 11/30/98]

12/2/98  --     **Terminated deadlines (mguz) [Entry date 12/04/98]

12/2/98  22     Minute entry: Motion hearing set for 2:00 2/12/99 for
                [14-1] motion for David N Calvillo to appear as counsel,
                for 2:00 2/12/99 for [13-1] motion to join, set for 2:00
                2/12/99 for [12-1] motion to transfer venue Courts
                Comments: Parties requested additional time to address
                pending motions. Court accepts Parties deadlines as
                follows: January 18,1999: Deadline to complete discovery
                and address peding motions. February 01,1999: Deadline for
                all responses/replies to motions. (mguz)
                [Entry date 12/04/98]

12/4/98  --     REVIEW deadline  set for 2/2/99   before Judge Hilda G.
                Tagle (mguz)

1/8/99   23     NOTICE to the Court of withdrawal of motion to dismiss of
                by Morton International , filed (og) [Entry date 01/13/99]

1/11/99  24     MOTION to dismiss for lack of personal jurisdiction,for
                lack of subject matter jurisdiction, for forum non
                conveniens, to transfer case for improper venue, to
                apply the substantive law of Mexico by Chrysler Canada,LTD,
                Motion Docket Date 1/31/99 [24-1] motion, 1/31/99 [24-2]
                motion , filed. (og) [Entry date 01/12/99]
                [Edit date 01/13/99]

1/11/99  23     ANSWER to Complaint by Chrysler Canada,LTD (Added attorney
                ), filed. (og) [Entry date 01/12/99]

Docket as of December 13, 2000 2:18 pm                    Page 5   NON-PUBLIC

CVePDF - www.fenrir.com

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

/15/99   25        MOTION to continue hearing on dfts' motions and to
                   associated defer deadlines by Jorge Luis Machuca-Gonzales,
                   Motion Docket Date 2/4/99 [25-1] motion , filed. (og)
                   [Entry date 01/19/99]

1/19/99  --        **Added for Chrysler Canada,LTD  attorney Burgain Garfield
                   Hayes (og)

1/19/99  26        Partially unopposed amended MOTION to continue hearing on
                   dft's motyions and to defer associated deadlinese by Jorge
                   Luis Machuca-Gonzales, Motion Docket Date 2/8/99 [26-1]
                   motion , filed. (og)

1/20/99  --        Deadline updated; terminating [26-1] motion to continue
                   terminating [25-1] motion to continue hearing Motion
                   hearing set for 2:00 3/17/99 for pending motions (og)

2/1/99   27        ORDER  granting [26-1] motion to continue hearing on dft's
                   motion and to defer associated deadlinese  set discovery
                   due for 2/22/99, Motion hearing set for 2:00 3/17/99 for
                   all pending motions. Deadline for all responses/replies to
                   motions set for 3/8/99. jurisdiction,for lack of subject
                   matter jurisdiction, for forum non conveniens , entered;
                   Parties notified. ( signed by Judge Hilda G. Tagle ) (og)

2/11/99  28        MOTION for nonsuit as to dft SCI International Inc by
                   Jorge Luis Machuca-Gonzales, Motion Docket Date 3/3/99
                   [28-1] motion , filed. (og)

2/16/99  29        MOTION to compel Morton International to respond to
                   discovery by Jorge Luis Machuca-Gonzales, Motion Docket
                   Date 3/8/99 [29-1] motion , filed. (og)
                   [Entry date 02/17/99]

2/26/99  30        RESPONSE by Morton International  to [29-1] motion to
                   compel Morton International to respond to discovery ,
                   filed. (mguz) [Entry date 03/03/99]

2/26/99  31        MOTION for Donald Scott Thomas Jr to appear pro hac vice
                   by Chrysler Corporation, Chrysler Canada,LTD, Motion
                   Docket Date 3/18/99 [31-1] motion , filed. (mguz)
                   [Entry date 03/03/99]

2/26/99  32        BRIEF by Chrysler Corporation, Chrysler Canada,LTD  in
                   support of pretrial , filed. (mguz) [Entry date 03/03/99]

3/1/99   33        MOTION to join dfts. motion to dism. by Morton
                   International, Motion Docket Date 3/21/99 [33-1] motion ,
                   filed. (mguz) [Entry date 03/04/99]

3/3/99   34        MOTION to conduct discovery by Jorge Luis
                   Machuca-Gonzales, Motion Docket Date 3/23/99 [34-1]
                   motion , filed. (mguz) [Entry date 03/08/99]

Docket as of December 13, 2000 2:18 pm   .          Page 6    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

/3/99   39      MOTION for leave to amend original complaint by Jorge
                Luis Machuca-Gonzales, Motion Docket Date 3/23/99 [39-1]
                motion , filed. (og) [Entry date 03/08/99]

3/4/99  35      ORDER granting [31-1] motion for Donald Scott Thomas Jr to
                appear pro hac vice until the conclusion of this case,
                entered; Parties notified. (signed by Judge Hilda G.Tagle )
                (og) [Entry date 03/08/99]

3/4/99  36      ORDER granting [14-1] motion for David N Calvillo to
                appear as co-counsel , entered; Parties notified. ( signed
                by Judge Hilda G. Tagle ) (og) [Entry date 03/08/99]

3/4/99  37      Minute entry: Teleconference b/Judge Tagle; Law Clerk
                Spencer present. Court Grantd pltf request for extension of
                ddl. Deadline for responses/replies to pending motions is
                3/22/99. Discovery ddls. will include dft Chrysler Canada.
                Motion hearing set for 3/17/99 is rescheduled for 3/26/99
                at 2pm. Court will hear oral arguments on all pending
                motions. Court set 3/8/99 as ddl for dft Morton Int'l to
                provide supplemental discovery responsed to pltf. Parties
                will agree on a date for deposition of pltf Jorge Luis
                Machuca Gonzales prior to 3/22/99. Set review ddl for
                3/23/99. A hearing is set for 3/26/99 at 2pm. (og)
                [Entry date 03/08/99]

^/4/99  38      ORDER Motion hearing reset for 2:00 3/26/99 from 3/17/99
                for [34-1] motion to conduct discovery , entered; Parties
                notified. ( signed by Judge Hilda G. Tagle ) (og)
                [Entry date 03/08/99]

3/4/99  --      Deadline updated;  reset review deadline for 2:00 3/23/99
                before Judge Hilda G. Tagle (og) [Entry date 03/08/99]

3/4/99  --      Deadline updated; granting [31-1] motion for Donald Scott
                Thomas Jr to appear pro hac vice, granting [14-1] motion
                for David N Calvillo to appear as counsel, mooting [6-1]
                motion for leave to file motions out of time (og)
                [Entry date 03/08/99]

3/9/99  40      STIPULATION of dismissal of SCI International Inc, filed
                (mguz) [Entry date 03/10/99] [Edit date 03/10/99]

3/10/99 41      ORDER OF DISMISSAL granting [40-1] dismiss/dismissal
                stipulation , Defendant SCI International Inc. is hereby
                dismissed as a party to this lawsuit, and any and all
                causes of action asserted by Plaintiffs in this lawsuit
                against SCI International Inc. are also dismissed. entered;
                Parties notified. ( signed by Judge Hilda G. Tagle ) (mguz)
                [Entry date 03/11/99]

3/11/99 --      **Terminated party SCI International (mguz)


Docket as of December 13, 2000 2:18 pm          Page 7   NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

3/22/99   42        JOINDER by TRW,INC, TRW Vehicle Safety  with brief in
                    support of dft Daimlerchrysler pretrial motions and amended
                    brief in support thereof , filed (og)

3/22/99   43        BRIEF by Morton International  in support of [24-1] motion
                    to dismiss for lack of personal jurisdiction,for lack of
                    subject matter jurisdiction, for forum non conveniens,
                    [24-2] motion to transfer case for improper venue, [24-3]
                    motion to apply the substantive law of Mexico , filed. (og)
                    [Entry date 03/23/99]

3/22/99   44        SUPPLEMENTAL BRIEF in support to [32-1] brief by Chrysler
                    Corporation, Chrysler Canada,LTD pretrial motions , filed.
                    (og) [Entry date 03/23/99]

3/22/99   45        AMENDED COMPLAINT by Jorge Luis Machuca-Gonzales ,(Answer
                    due 4/1/99 for Morton International, for SCI International,
                    for TRW Vehicle Safety, for TRW,INC, for Chrysler
                    Canada,LTD, for Chrysler Corporation ) amending [1-1]
                    complaint  , filed. (og) [Entry date 03/23/99]

3/22/99   46        AMENDED BRIEF IN RESPONSE by Jorge Luis Machuca-Gonzales to
                    [10-1] motion to dismiss for lack of jurisdiction , filed.
                    Exhibits A-F in separate yellow manila folder. (og)
                    [Entry date 03/23/99] [Edit date 03/23/99]

/22/99   47         SECOND AMENDED RESPONSE by Jorge Luis Machuca-Gonzales  to
                    [24-1] motion to dismiss for lack of personal
                    jurisdiction,for lack of subject matter jurisdiction, for
                    forum non conveniens , filed. Exhibits A-M in separate
                    brown folder. (og) [Entry date 03/23/99]

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

/26/99    48        Minute entry: Moton hearing b/Judge Tagle; Law Clerk
                    Trevino present; Attys David Calvillo,John Escamilla for
                    pltfs; Jaime Saenz,Donald Scott Thomas and Trek Doyle f/dft
                    Chrysler Corporation; Keith Uhles for Morton International;
                    David Tippets f/TRW; The  following rulings were made --
                    granting [39-1] motion for leave to amend original
                    complaint granting [33-1] motion to join dfts. motion to
                    dism. withdrawing [29-1] motion to compel Morton
                    International to respond to discovery [24-1] motion to
                    dismiss for lack of personal jurisdiction,for lack of
                    subject matter jurisdiction, for forum non conveniens taken
                    under advisement, [24-2] motion to transfer case for
                    improper venue taken under advisement, [24-3] motion to
                    apply the substantive law of Mexico taken under advisement,
                    [13-1] motion to join taken under advisement, [10-1] to
                    dismiss for lack of jurisdiction taken under advisement,
                    [10-2] motion to dismiss taken under advisement, [10-3]
                    motion to change venue taken under advisement, [10-4]
                    motion to dismiss for forum non conveniens and  taken under
                    advisement, [3-1] motion to dismiss for lack of
                    jurisdiction taken under advisement, [3-2] motion to
                    dismiss to transfer for improper venue taken under
                    advisement, [3-3] motion to dismiss for forum non
                    conveniens taken under advisement, [3-4] motion to apply
                    the substantive law of Mexico and there to answer to
                    plaintiffs original complaint taken under advisement, [3-1]
                    motion to change venue taken under advisement granting
                    [42-1] Ct Reporter: Breck Record (og) [Entry date 03/29/99]

3/26/99   --        **Terminated deadlines for motion hearing. (og)
                    [Entry date 03/29/99]

3/31/99   --        Deadline updated; mooting [34-1] motion to conduct
                    discovery mooting [28-1] motion for nonsuit as to dft SCI
                    International Inc granting [13-1] motion to join (mguz)

3/31/99   49        Minute entry: Telephonic conference b/Judge Tagle. Law
                    Clerk Trevino.  Attys Frank Rodriguez and John Escamilla
                    f/pltfs; Keith Uhles f/Morton Int'l; Trek Doyle f/Diamler
                    Chrysler and Chrysler Candad; David Tippets f/TRW Inc and
                    TRW Vehicle Safety Systems. Court rulings as follows: In an
                    effort to determine Court's subject matter durisdiction,
                    the Court inquired about place of incorporation and
                    principal place of business of all dfts. Atty Trek Doyle
                    will provide information on dft Chrysler Canada's
                    Country/State of incorporation and principal place of
                    business by 4/1/99. All other dfts provided requested
                    information. (og) [Entry date 04/01/99]

Docket as of December 13, 2000 2:18 pm                  Page 9    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al        CLOSED APPEAL

/5/99    50      Minute entry:Teleconference b/Judge Tagle. Law Clerk
                 Trevino present. Frank Rodriguez, John Escamilla, Cavid
                 Calvillo f/pltf; Keith Uhles f/Dft Morton; Trek Doyle
                 f/Diamler Chrysler and Chrysler Canada. David Tippets f/Dft
                 TRW and TRW Vehicle Safety Sytems. Court grants pltf
                 request for extension of time to brief issue of subject
                 matter jurisdiction. Parties will contact court to update
                 status of this case. Status conference set for 4/12/99 at
                 5pm. (og)

4/5/99   51      ORDER  set status conference for 5:00 4/12/99   before
                 Judge Hilda G. Tagle , entered; Parties notified. ( signed
                 by Judge Hilda G. Tagle ) (og)

4/12/99  52      STIPULATION of dismissal of Chrysler Canada LTD, filed (mguz)

4/12/99  53      ORDER OF DISMISSAL granting [52-1] dismiss/dismissal
                 stipulation , entered; The Court agrees that Chrysler Canda
                 LTD be dismissed from lawsuit. All causes of Action asserted
                 by pltf against Chrysler Canada LTD are also
                 Dismissed.Parties notified. ( signed by Judge Hilda G. Tagle
                 ) (og) [Entry date 04/13/99] [Edit date 04/19/99]

4/12/99  54      Minute entry: Teleconference b/Judge Tagle. Attys present
                 John Escamilla, David Calvillo f/pltf; Keith Uhles f/dft
                 Morton; Trek Doyle f/Diamler Chrysler Corp and Dft Chrysler
                 Canada; David Tippets for dfts TRW & TRW Vehicle Safety
                 Systems; Law Clerk Trevino present. The following rulings
                 were made; [10-1] motion to dismiss for lack of jurisdiction
                 taken under advisement, mooting [10-2] motion to dismiss
                 [10-4] motion to dismiss for forum non conveniens and  taken
                 under advisement, [3-1] motion to dismiss for lack of
                 jurisdiction taken under advisement, mooting [3-2] motion to
                 dismiss to .transfer for improper venue [3-3] motion to
                 dismiss for' forum non conveniens taken under advisement,
                 [3-4] motion to apply the substantive law of Mexico and
                 there to answer to plaintiffs original complaint taken under
                 advisement, [3-1] motion to change venue taken under
                 advisement  Ct Reporter: Breck Record (og)
                 [Entry date 04/19/99] [Edit date 04/19/99]

4/12/99  --      Deadline updated; mooting [10-3] motion to change venue
                 mooting [3-1] motion to change venue (og)
                 [Entry date 02/22/00]

4/13/99  --      **Terminated party Chrysler Canada,LTD (og)

4/13/99  --      **Terminated document [24-1] motion to dismiss for lack of
                 personal jurisdiction,for lack of subject matter
                 jurisdiction, for forum non conveniens, [24-2] motion to
                 transfer case for improper venue (og)

10/28/99 --      Deadline updated;  set review deadline for 3/10/00
                 before Judge Hilda G. Tagle (og)

Docket as of December 13, 2000 2:18 pm                Page 10    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:98cv75 Machuca-Gonzales v. Chrysler Corporation, et al          CLOSED APPEAL

2/18/00   55      ORDER  denying [10-1] motion to dismiss for lack of
                  jurisdiction granting [10-3] motion to dismiss forforum non
                  conveniens [10-4] motion to dismiss for forum non
                  conveniens and denying [3-1] motion to dismiss for lack of
                  jurisdiction granting [3-3] motion to dismiss for forum non
                  conveniens granting [3-4] motion to apply the substantive
                  law of Mexico and there to answer to plaintiffs original
                  complaint , entered; Motion to change venue (Dkt.No.3-2) is
                  withdrawn. Parties notified. ( signed by Judge Hilda G.
                  Tagle ) (og) [Entry date 02/22/00]

2/18/00   --      Case closed (og) [Entry date 02/22/00]

10/17/00  56      NOTICE TO COURT  by Jorge Luis Machuca-Gonzales  , filed (og)
                  [Entry date 10/18/00]

10/25/00  57      FINAL JUDGMENT for Chrysler Corporation  against Jorge Luis
                  Machuca-Gonzales   , entered.  It is Ordered and Adjudged
                  that this case is dismissed with prejudice, with the
                  Parties having to bear their own costs.  Parties ntfd. (
                  signed by Judge Hilda G. Tagle ) (og) [Entry date 10/26/00]

12/12/00  58      NOTICE OF APPEAL of [57-1] order  by Jorge Luis
                  Machuca-Gonzales   , filed.  Fee Status: 105.00   Receipt #:
                  114508   Appeal record due on 12/27/00 (og)

 ./13/00  --      Notice of appeal and Copy of docket transmitted to USCA:
                  [58-1] appeal (mpb)

Docket as of December 13, 2000 2:18 pm                 Page 11    NON-PUBLIC

# AFFIDAVIT OF JOHN G. ESCAMILLA

**STATE OF TEXAS**                      )(
                                        )(
**COUNTY OF HIDALGO**                   )(

BEFORE ME, the undersigned authority, personally appeared John G. Escamilla, who, being by me duly sworn, deposed and said:

My name is John G. Escamilla. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

"I am an associate at the law firm of Rodriguez, Tovar, Calvillo & Garcia, L.L.P. in McAllen, Texas. I have been primarily involved in the prosecution of a case styled *Machuca Gonzalez v. Chrysler et al.*, civil matter no. B-98-75. The Federal District Court for the Southern District of Texas signed a judgment dismissing the case with prejudice on October 25, 2000."

"On November 20, 2000, I prepared a Notice of Appeal in the above referenced cause. On that date, I handed it to my legal assistant April Moreno and instructed her to make the appropriate number of copies, and then to send it via certified mail, return receipt requested, to the Federal District Clerk's office in Brownsville, Texas and to all opposing counsel. It was my ordinary practice for over two years to have Ms. Moreno prepare cover letters and send all of my mailings to both state and federal courts."

"On November 30, 2000, I requested that the transcript of the proceedings be prepared by Breck Record, the court reporter for Hon. Hilda Tagle. I assumed that the appeal was proceeding in ordinary fashion when I received a phone call on December 12, 2000 from someone from Hon. Tagle's chambers, informing me that the Notice of Appeal had been sent to the former post office box of the Federal District Clerk rather than to the present Federal District Clerk's office.

"It is my understanding that the federal district court and clerk's addresses have changed since the last time any pleadings were filed in this cause, and that is the reason why Ms. Moreno inadvertently sent the Notice of Appeal to the former address. Nevertheless, I was informed that the Notice of Appeal may not be considered "timely filed," even though it was sent within the proper timeframe."

"I have instructed my legal assistant to send the Notice of Appeal again, and I have ensured that the proper address is reflected on this pleading. I have instructed that the Notice of Appeal and the Motion for Extension of Time to File the Notice of Appeal be hand delivered by commercial courier within the time permitted by the Federal Rules of Appellate Procedure."

"The statement of facts provided above was made freely and voluntarily. I was not promised or given anything for this statement of facts. I was not under any duress, coercion or any kind of threats at the time I provided my statement above. I read my statement of facts

provided above and it is accurate and true based on my personal knowledge of the facts contained therein."



John G Escamilla

**SUBSCRIBED AND SWORN TO BEFORE ME** on the \_\_18th\_\_ day of December, 2000, to certify which witness my hand and official seal.

Notary Public for the State of Texas

YOLANDA M. TORRES
MY COMMISSION EXPIRES
February 26, 2004

Notary Public's Printed Name
My Commission Expires on:_____

# AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | )( |
| | )( |
| **COUNTY OF HIDALGO** | )( |

BEFORE ME, the undersigned authority, personally appeared April Moreno, who, being by me duly sworn, deposed and said:

My name is April Moreno. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

I am the legal assistant to Attorneys David N. Calvillo and John Escamilla at the Law Firm of Rodriguez, Tovar, Calvillo & Garcia, L.L.P. On November 20, 2000, Mr. Escamilla assigned me with a task of sending out a Notice of Appeal with filing fee for the case styled Machuca Gonzalez, et al v. Chrysler, et al, Civil Matter No. B-98-75. Mr. Escamilla instructed me to send the Notice of Appeal via certified mail, return receipt requested to the Federal District Clerks office for filing. The Notice of Appeal along with the filing fee were inadvertently sent to P.O. Box 2067, Brownsville, Texas 78522, which was the previous federal clerks address. I received a call from Cathy with Judge Hilda Tagle's office on December 12, 2000 to inform us of the error. I then directed the call to Mr. Escamilla.

The statement of facts provided above was made freely and voluntarily. I was not promised or given anything for this statement of facts. I was not under any duress, coercion or any kind of threats at the time I provided my statement above. I read my statement of facts provided above and it is accurate and true based on my personal knowledge of the facts contained therein.

_____
April Moreno

**SUBSCRIBED AND SWORN TO BEFORE ME** on the _14th_ day of December, 2000, to certify which witness my hand and official seal.

ANTONIO M. FERNANDEZ III
MY COMMISSION EXPIRES
November 20, 2004

_____
Notary Public for the State of Texas

_____
Notary Public's Printed Name
Antonio M. Fernandez
My Commission Expires on: _11/20/2004_

# Exhibit "B"

CibiPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

60

DEC 2 9 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

_Jorge Luis Machuca, Et Al_

Vs.

_Chrysler Corp, Et Al_

CIVIL
ACTION NO. _B-98-75_

## ORDER STRIKING FILINGS

BE IT REMEMBERED, that on _____, the Court STRUCK the filing
entitled _Motion to Extend Time to File Notice of Appeal(s)_ because it did not comply with one or

more of the following Local Rules:

1. _____ Complaint lists more than one attorney, but does not designate the attorney-in-charge (LR 11.1).

2. _____ Filing in not signed by, or by permission of, the attorney-in-charge. (LR 11.3).

3. _____ One or more of the following are not included beneath the attorney's signature:
   - (a)    state bar number; or
   - (b)    Southern District of Texas Federal Bar Number; or
   - (c)    office address including zip code; or
   - (d)    telephone and facsimile numbers with area codes (LR 11.3(A)).

4. _____ A copy of the filing was not provided (LR 5.2).

5. _____ No certificate of service, or an explanation why service is not required (LR 5.4,CrLR 12.4).

6. _____ No certificate of conference, and the motion is not a motion to dismiss, a motion for summary judgment, a motion for a more definite statement, or a motion to strike (LR7.1 (D),CrLR12.2).

7. _____ Motion is unopposed, and does not state "unopposed" in its caption (LR 7.2,CrLR 12.2).

8. _____ A separate proposed order was not attached (LR 7.1, CrLR 12.2).

DONE at Brownsville, Texas , this _29th_ day of _December, 2000._

**Hilda G. Tagle**
**United States District Judge**

12/29/00   FRI 15:02   [TX/RX NO 5437]