62

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE LUIS MANCHUCA GONZALEZ, | § | |
| INDIVIDUALLY AND MARTA PATRICIA | § | |
| LOPEZ GUERRERO INDIVIDUALLY AND | § | |
| AS HEIRS AND REPRESENTATIVES | § | |
| OF THE ESTATE OF LUIS PABLO | § | |
| MANCHUCA LOPEZ, DECEASED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-75 |
| | § | |
| CHRYSLER CORPORATION A/K/A | § | |
| CHRYSLER MOTOR CORPORATION, | § | |
| N/K/A DAIMLER-CHRYSLER CORPORATION, | § | |
| CHRYSLER CANADA, LTD., TRW, INC., | § | |
| TRW VEHICLE SAFETY SYSTEMS, INC., | § | |
| MORTON INTERNATIONAL, INC. and | § | |
| AUTOLIV ASP, INC. | § | |

**DEFENDANT MORTON INTERNATIONAL, INC.'S (AUTOLIV) OBJECTION
AND/OR RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER ORDER
STRIKING FILINGS, OR IN THE ALTERNATIVE, MOTION TO REFILE
"MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL"**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **MORTON INTERNATIONAL, INC. n/k/a AUTOLIV ASP,**

**INC.** and files this its objection and/or response to Plaintiffs' Motion to Reconsider Order Striking

Filings, or in the Alternative, Motion to Refile "Motion to Extend Time to File Notice of Appeal",

and in support thereof would show unto the Court the following:

**I.**

On October 25, 2000, this Honorable Court entered Judgement dismissing this cause with

prejudice.[1]  Plaintiffs then filed their notice of appeal with the district clerk's office on December

---

[1]On February 18, 2000, this Honorable Court granted a conditional dismissal by granting Defendants'
Motion to Dismiss for Forum Non Conveniens which defendant believes is controlling for determining
appellate deadlines.  Consequently, appellants' time deadlines have long run.  Nevertheless, for purpose of
argument in this objection only, defendant will assume that this court believes the October 25, 2000 date is
controlling.

45154:952359.1:012301

12, 2000, 48 days after entry of the judgment dismissing the cause. Thereafter, plaintiffs filed on December 18, 2000 a motion to extend the deadline to file a notice of appeal, approximately 54 days of entry of the final judgment. However, on December 29, 2000, this Court entered an Order striking the motion as plaintiffs' counsel failed to list their Southern District of Texas Bar numbers. Consequently, more than 60 days have passed since entry of the final judgment and plaintiffs do not have a motion to extend the deadline within which to file a notice of appeal on file with the Court.

## II.

### ARGUMENT

Federal Rule of Appellate Procedure 4(a)(1) states that "In a civil case, . . . a notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Section (a)(5) goes on to state that the

> The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by Rule 4 (a) expires; and
> >
> > (ii) that party shows excusable neglect or good cause.

Accordingly, when read as a whole, Federal Rule of Appellate Procedure 4 holds the deadline to file a motion for extension of time within which to file a notice of appeal is 60 days after the date the judgment or order appealed from is entered. In the present case, plaintiffs filed their motion for extension of time within the 60 day window but this court struck plaintiffs' motion and the 60 day deadline has now run. Accordingly, this Court now lacks subject matter jurisdiction to entertain a new motion from the plaintiffs requesting additional time within which to file a motion for extension to file a notice of appeal.

In <u>Nelson v. Foti,</u> the Fifth Circuit has stated that

> Since the 1979 amendments to Rule 4(a) . . . we have adhered strictly to its mandate. The amended rule forbids a granted relief from an untimely filed notice of appeal unless a motion to excuse the delay is made no later than 30 days *after* the expiration of the 30 day period prescribed for filing a notice of appeal. In other words, a party may move the district court to excuse the delay in filing a timely notice of appeal if such motion is made within 60 days from the date of judgment.

707 F.2d 170, 171 (5th Cir. - 1983) emphasis added citing to Sanchez v. Board of Regents of Texas Southern University, 625 F.2d 521 (5th Cir. 1980); Barkstale v. Blackburn, 647 F.2d 630 (5th Cir. 1991) (per curium); Ryals v. Estelle, 661 F.2d 904 (5th Cir. 1981) (per curium).

In the present case, the plaintiffs filed their notice of appeal outside of the 30 day period, but then filed a motion for extension within the 60 day period. However, plaintiffs' motion for extension of time to file their notice of appeal was stricken by this honorable court and the 60 day deadline has now run. Accordingly, defendant would assert that this honorable court now lacks subject matter jurisdiction to allow plaintiffs the opportunity to file a second and/or amended motion for extension in which to file a late notice of appeal.

WHEREFORE, PREMISES CONSIDERED, Defendant **MORTON INTERNATIONAL, INC. n/k/a AUTOLIV ASP, INC.** now requests that Plaintiffs' Motion to Reconsider Order Striking Filings, or in the Alternative, Motion to Refile "Motion to Extend Time to File Notice of Appeal" be denied and for such other and further relief by which defendant may be justly entitled to in equity and/or in law.

Respectfully submitted,

By: _Eddie Sikes_

Keith N. Uhles
Federal ID No. 1936
Texas Bar # 20371100
Ewing E. Sikes, III
Federal ID No. 19534
Texas Bar # 00794631
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

Joe Redden
Texas State Bar No. 16660600
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

Attorneys for Defendant,
**MORTON INTENTIONAL, INC. (now known
as Autoliv ASP, Inc.)**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel, via **U. S. Mail**, on this _25th_ day of **January, 2001**, as follows:

David N. Calvillo
John Escamilla
RODRIGUEZ, TOVAR, CALVILLO
  & GARCIA, P.L.L.C.
1111 W. Nolana
McAllen, Texas 78504

Trek Doyle
CLARK, THOMAS & WINTERS
P. O. Box 1148
Austin, TX  78767

Jaime A. Saenz
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P. O. Box 2155
Brownsville, Texas 78522

Jerry Johnson
FEENEY, KELLETT, WIENNER & BUSH
35980 Woodward Ave., Second Floor
Bloomfield Hills, Michigan 48304-0934

David R. Tippetts
WILSON, ELSER, MOSLOWITZ, EDELMAN & DICKER
6363 Woodway, Suite 750
Houston, Texas 77057

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.