63

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE LUIS MACHUCA GONZALES, INDIVIDUALLY, AND MARTA PATRICIA LOPEZ GUERRERO, INDIVIDUALLY, AND AS HEIRS AND REPRESENTATIVES OF THE ESTATE OF LUIS PABLO MACHUCA LOPEZ, DECEASED, PLAINTIFFS, | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-75 |
| CHRYSLER CORPORATION A/K/A CHRYSLER MOTOR CORPORATION, CHRYSLER CANADA, LTD., TRW, INC., TRW VEHICLE SAFETY SYSTEMS, INC., SCI INTERNATIONAL, INC., AND MORTON INTERNATIONAL, INC., DEFENDANTS. | § § § § § § § | |

**DAIMLERCHRYSLER CORPORATION'S JURISDICTIONAL OBJECTION
TO FURTHER CONSIDERATION OF THIS CASE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DaimlerChrysler Corporation, formerly known as Chrysler Corporation and files this Jurisdictional Objection to Further Consideration of this Case, and, in support would show:

**I.**

As this Court is aware, this product liability lawsuit arises out of an accident that occurred in Mexico, involving Mexican nationals and products first sold to a consumer in Mexico. This Court was unquestionably correct when it ruled that Mexican law would apply to the merits of Plaintiffs' claims and for this, among numerous other reasons,

dismissed it under the doctrine of forum non conveniens. According to the Court's February 18, 2000 order, Plaintiffs were permitted ninety days to file suit in Mexico and the Defendants waived numerous procedural defenses to permit them to do so.

Plaintiffs declined to file suit in Mexico under Mexican law. Instead, they requested that the Court enter a separate, final judgment which the Court entered on October 25, 2000. Plaintiffs endeavor to appeal this matter.

After sending a notice of appeal to the Court's former address, Plaintiff's first properly filed notice of appeal with this Court on December 12, 2000 (48 days after entry of judgment). On December 18, 2000 (54 days after the entry of final judgment), Plaintiffs filed a motion to extend the deadline for filing their notice of appeal citing the fact that they sent their original notice to an incorrect address as justification. This Court struck their motion for failure to comply with the local rules on December 29, 2000. Plaintiff filed a further motion to reconsider this Court's decision to strike their pleading long after the 60 day time period for doing so had expired.

This Court no longer possesses jurisdiction to act on Plaintiffs' requests. DaimlerChrysler Corporation respectfully objects to the Court taking further action in connection with this case including granting the relief requested by Plaintiffs in their most recent motion.

## II.

Whatever the merits of Plaintiffs' position with respect to the filing of their notice of appeal and however understandable the errors which led to the current situation may be,

the law is plain that this Court no longer possesses jurisdiction to grant Plaintiffs' request for an extension of time to file their notice of appeal. Federal Rule of Appellate Procedure 4(a)(1) states that "In a civil case . . . a notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." An extension of time to file notice of appeal may be granted only if "a party so moves no later than 30 days after [the 30 time period for properly filing a notice of appeal] . . . and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(i). At most therefore, a party has a total of 60 days to get its notice of appeal on file and secure an appropriate extension if there is good cause for an extension beyond 30 days. When the sixty day time frame elapsed, Plaintiffs had failed to comply with the requirements of this rule.

The rule has been strictly construed by the Fifth Circuit. *See e.g., Nelson v. Foti*, 707 F.2d 170, 171 (5th Cir. 1983). Under such a construction, this Court should not grant the relief requested and no longer possesses jurisdiction to accept Plaintiff's late-filed notice of appeal.

In considering the equities, should the Court be inclined to do so, this Court should recall that it gave Plaintiffs ninety days to file suit in Mexico where, it is beyond reasonable dispute, this action should have been prosecuted in the first instance. The application of Mexican law to this case is likewise beyond reasonable dispute. However understandable the mistakes made in the interim may be, Plaintiffs twice forwent the right to file suit in an appropriate forum under the appropriate law. Under the circumstances,

DaimlerChrysler Corporation and the other Defendants should not be compelled to litigate this matter further.

## III.

WHEREFORE, PREMISES CONSIDERED, DaimlerChrysler Corporation respectfully objects to the Court taking further action in connection with this matter and requests that no further action be taken by the Court.

Respectfully submitted,

**CLARK, THOMAS & WINTERS**
**A Professional Corporation**

By: _____ (for)
Trek C. Doyle
State Bar No. 00790608
Federal ID No. 27163

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 FAX

AND

Jaime A. Saenz
State Bar No. 17514859
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 FAX

**ATTORNEYS FOR DEFENDANTS**
**DAIMLER CHRYSLER CORPORATION**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Jurisdictional Objection to Further Consideration of this Case has been forwarded via facsimile to counsel listed below on this the 29th day of January, 2001.

Arnulfo M. Acosta
Attorney at Law
4502 N. Cage
Pharr, Texas 78577
956/702-4488
956/702-4489 fax

David N. Calvillo
John G. Escamilla
1111 West Nolana Loop
McAllen, Texas 78504
956/687-4363
956/687-6415 fax

**ATTORNEYS FOR PLAINTIFFS**

Keith N. Uhles
Ewing E. Sikds
Royston, Rayzor, Vickery & Williams
55 Cove Circle
P. O. Box 3509
Browsville, Texas 78523
956/542-4377
956/542-4370 fax

Joe W. Redden
Beck, Redden & Sechrest, L.L.P.
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
713/951-3700
713/951-3720 fax

**ATTORNEYS FOR DEFENDANT**
**MORTON INTERNATIONAL, INC.**

David R. Tippetts  
Wilson, Elser, Moslowitz, Edelman & Dicker  
6363 Woodway, Suite 750  
Houston, Texas 77057  
713/785-7778  
713/785-7780 fax  

**ATTORNEYS FOR DEFENDANTS TRW, INC.**  
**AND TRW VEHICLE SAFETY SYSTEMS, INC.**

for _____ Trek C. Doyle _____