67

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**FEB 21 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JORGE LUIS MACHUCA GONZALEZ, ET. AL. §§§§ | |
| **Plaintiffs,** | |
| v. §§§ | CIVIL ACTION NO. B-98-75 |
| CHRYSLER CORP., ET AL., §§§ | |
| **Defendants.** | |

## ORDER

BE IT REMEMBERED that on February 20, 2001, the Court considered the Plaintiffs' Motion to Reconsider Order Striking Filings or in the alternative, Motion to Refile Motion to Extend Time to File Notice of Appeal [Dkt. No. 61] and Daimlerchrysler Corporation's Jurisdictional Objection to Further Consideration of this Case [Dkt. No. 63]. For the following reasons, the Court **GRANTS** Plaintiffs' Motion [Dkt. No. 61].

## I.    The Law

A notice of appeal must be filed with the district clerk within 30 days after the judgment [Federal Rule of Appellate Procedure 4(a)(1)]. An extension of time to file a notice of appeal may be granted only if a party so moves no later than 30 days after the 30 day time period for properly filing a notice of appeal, and the moving party shows excusable neglect or good cause [Id. at 4(a)(5)(i)].

## II.    Procedural Background

The relevant procedural history is as follows:

| | |
|---|---|
| October 25, 2000 | The Court enters judgment dismissing action with prejudice [Dkt. No. 57] and permits Plaintiffs 90 days to file suit in Mexico. |
| November 20, 2000 | Plaintiffs timely send Notice of Appeal pursuant to Federal |

|                    | Rule of Appellate Procedure 4(a)(1); however, Plaintiffs sent |
|                    | notice to the Court's former address. |
| December 12, 2000  | Plaintiffs' Notice of Appeal was received out of time by the |
|                    | clerk's office and file-stamped [Dkt. No. 58]. |
| December 18, 2000  | Plaintiffs timely file a Motion to Extend to File Notice of |
|                    | Appeal [Dkt. No. 59] under Federal Rule of Appellate |
|                    | Procedure 4(a)(5)(i). |
| December 29, 2000  | The Court struck Plaintiffs' Motion to Extend to File Notice of |
|                    | Appeal for counsels' failure to list their Southern District of |
|                    | Texas Federal Bar Numbers [Dkt. No. 60]. |
| January 8, 2001    | Plaintiffs file their live pleading [Dkt. No. 61]. |

## III.    Discussion

Since final judgment was entered by the Court on October 25, 2000, Plaintiffs would have timely filed their Notice of Appeal by mailing it to the clerk's office on November 20, 2000, as they had done. However, notice was sent to the old courthouse at an incorrect address. Therefore, the notice was received out of time on December 12, 2000. Nevertheless under Federal Rule of Appellate Procedure 4(a)(1), the Plaintiffs had until December 25, 2000 to move for an extension to file the Notice of Appeal. Plaintiffs timely filed their Motion to Extend to File Notice of Appeal on December 18, 2000. However, the pleading was stricken on December 29, 2000 for counsels' failure to list their Federal Bar Numbers as required by Local Rule 11.3(A). At this point, the time to move for an extension to file the Notice of Appeal had lapsed.

## IV.    Contentions of the Parties

In their live pleading [Dkt. No. 61], the Plaintiffs ask the Court to reconsider its order striking filings or in the alternative, to allow the Plaintiffs to re-file their motion to extend time to file their notice of appeal. The Plaintiffs admit that they did not comply with Local Rule 11.3(A), but urge the Court that they should not lose their right to

2

appeal because of a technical defect in the form, not substance, of their pleading.

The Defendants, on the other hand, argue that the Court no longer has jurisdiction to act on Plaintiffs' request because the time to consider an extension has lapsed. They also contend that the Plaintiffs should not be allowed to continue with litigation because Plaintiffs declined to file suit in Mexico as permitted by the Court.

**V.    In the interest of justice, the Plaintiffs may amend their pleading.**

Despite the fact that the Plaintiffs have foregone their opportunity to file suit in Mexico, the Plaintiffs chose the path of appeal. It does not appear that the Plaintiffs' acts in filing their Notice of Appeal and subsequent Motion to Extend to File Notice of Appeal were unduly dilatory or done in bad faith. Happenstance (sending the Notice timely but to the wrong address) and oversight (failing to insert counsels' bar numbers in the signature block) should not work to deny the Plaintiffs an appeal. Therefore in the interest of justice, the Court will consider an amended Motion to Extend Time to File Notice of Appeal if the Plaintiffs (1) correct the technical defect, and (2) file it with the clerk of this Court by Friday, February 23, 2001 at 4:00 p.m. For future practice, the Parties are warned to ensure that their pleadings conform with the requirements of all Local Rules in order to avoid the foregoing problems.

DONE at Brownsville, Texas, this 21ᵗʰ day of February 2001.

Hilda G. Tagle
United States District Judge

3